**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **E.A.R.P.,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO:** |
| **v.** | : | **7:26-cv-44–WLS-AGH** |
| | : | |
| **WARDEN, IRWIN COUNTY** | : | |
| **DETENTION CENTER,** *et al.,* | : | |
| | : | |
| **Respondents.** | : | |
| _____ | : | |

## <u>ORDER</u>

On March 3, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing within seven days to determine if Petitioner may be released on bond or file a motion seeking relief from the order. (Doc. 4 at 2). The Court also ordered that once a bond hearing was held, Petitioner should file a notice of dismissal. *Id.*

Thereafter, on March 19, 2026, Petitioner filed a Motion to Enforce Order, or in the Alternative, for the Court to Conduct a Bond Hearing (Doc. 5). Therein, Petitioner requested the Court enforce its previous Order (Doc. 4) which granted Petitioner's Habeas Petition (Doc. 1) to the extent the Court ordered Respondents to provide Petitioner with a bond hearing. Petitioner asserted that Respondents violated the Court's Order by failing to provide Petitioner with a constitutionally valid bond hearing. On May 19, 2026, the Court entered an Order (Doc. 10) granting the motion to enforce after finding that Petitioner's March 13, 2026 bond hearing before Immigration Judge Brown did not comport with the minimal requirements of due process because the burden of proof was incorrectly placed on Petitioner. Respondents were ordered to provide Petitioner with a new bond hearing within seven days, and in the new hearing, the burden was on the Department of Homeland Security to establish by clear and convincing evidence that Petitioner was either a danger to the community or a flight risk. If the Government failed to provide Petitioner with a new bond hearing within seven days of the May 19, 2026 Order, the Government was ordered to immediately release Petitioner.

As indicated by the Court's original March 3, 2026 Order (Doc. 4) and its May 19, 2026 Order (Doc. 10), once the new bond hearing was held, Petitioner should file a notice of dismissal. The time for compliance with the Court's May 19, 2026 Order has passed, and the Court did not receive notice that the new bond hearing was not held in accordance with the Court's May 19, 2026 Order. Neither has the Court received a notice of voluntary dismissal from Petitioner. Therefore, the Court presumes a bond hearing was held in compliance with the Court's May 19, 2026 Order. Consequently, on or before **Wednesday, August 5, 2026**, Petitioner is ordered to either file a notice of dismissal or respond and show cause why this action should not be dismissed as moot and judgment entered.

**SO ORDERED**, this 29th day of July 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**